510 So.2d 1025 (1987)
Leonel RIOS, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2460.
District Court of Appeal of Florida, Third District.
July 21, 1987.
Rehearing Denied August 28, 1987.
Bennett H. Brummer, Public Defender and Randolph Q. Ferguson and John H. Lipinski, Sp. Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and PEARSON, DANIEL S., JJ.
PER CURIAM.
This is an appeal by the defendant Leonel Rios from judgments of conviction and sentences for the crimes of (1) second-degree murder, and (2) unlawful possession of a firearm while engaged in a criminal offense. We affirm.
*1026 First, we see no merit in the defendant's claim that the trial court erred in denying his motion to suppress his confession. There was sufficient evidence adduced below establishing that the defendant waived his Miranda rights and otherwise gave a free and voluntary confession. Jones v. State, 440 So.2d 570 (Fla. 1983). Because adversary proceedings had not been instituted against the defendant at the time he confessed, the defendant's reliance on Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), and Traylor v. State, 498 So.2d 1297 (Fla. 1st DCA 1986), is completely misplaced.
Second, we see no merit in the defendant's claim that the three-year mandatory minimum sentence imposed on the second-degree murder conviction under Section 775.087(2), Florida Statutes (1985) was improper. The defendant was found guilty by the jury's verdict of "second degree murder, a lesser included offense of count one of the indictment"; the indictment, in turn, charged the defendant with first-degree murder with a firearm. It therefore follows that the jury by its verdict made a finding that the defendant committed the murder as charged in the indictment with a firearm, but without the premeditation or felony-murder element required for first-degree murder. See §§ 782.04(1)(a)(1), (2), Fla. Stat. (1985). This being so, it is plain that the trial court properly imposed the mandatory three-year minimum sentence herein on the second-degree murder conviction based on Section 775.087(2), Florida Statutes (1985), because the jury found the defendant guilty of a crime which involves a firearm. State v. Overfelt, 457 So.2d 1385 (Fla. 1984).
The final judgments of conviction and sentences under review are, in all respects,
Affirmed.