539 So.2d 1174 (1989)
Freddie SEARS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 87-3269.
District Court of Appeal of Florida, Fourth District.
March 15, 1989.
*1175 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Carolyn V. McCann, Asst. Atty. Gen., and Lynn Waxman, Graduate Legal Intern, West Palm Beach, for appellee.
GUNTHER, Judge.
We affirm the trial court in all respects except two.
We reverse and remand for resentencing of the appellant on the charges of aggravated assault, depriving an officer of his means of protection, and resisting an officer with violence. Each of these crimes is a third degree felony and carries a five-year mandatory maximum sentence. See §§ 784.021, 843.01, 842.025, 775.082, Fla. Stat. (1987). Under Florida Rule of Criminal Procedure 3.701(d)(9), if a defendant's score indicates a guidelines sentence that exceeds the statutory maximum provided for that offense, the statutory maximum sentence should be imposed. Thus, the state concedes that appellant's concurrent fifteen-year sentences for these three crimes must be reversed and the case remanded for resentencing of these crimes.
Furthermore, the trial court erred in sentencing appellant to the three-year mandatory minimum provision of section 775.087(2), Florida Statutes (1987). Since the jury made no specific finding that a firearm was used in the commission of the aggravated assault, imposition of the three-year mandatory minimum sentence was improper. State v. Overfelt, 457 So.2d 1385 (Fla. 1984).
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR RESENTENCING.
STONE and GARRETT, JJ., concur.