PER CURIAM.
The defendant was convicted of aggravated assault and possession of a firearm while engaged in the commission of a felony. The trial court imposed a three-year minimum mandatory sentence for aggravated assault to run concurrently with a three-year sentence for possession of a firearm in the commission of a felony. The defendant’s claim here is that since both offenses arose from the same episode, his conviction for aggravated assault should be vacated with directions to resentence him only upon his conviction of possession of a firearm while engaged in the commission of a felony.
The defendant argues that the aggravated assault offense carries a higher penalty and would ordinarily be a greater offense except in the present case the jury did not determine that a firearm was used during the commission of the aggravated assault. The state correctly points out, however, that the verdict form clearly showed that the jury found the defendant guilty “as to the aggravated assault charged in the information” and that the information clearly charged the defendant with the assault of the police officer with the firearm and consequently the aggravated assault conviction and sentence were proper under Rios v. State, 510 So.2d 1025 (Fla. 3d DCA 1987). We nonetheless observe that the two convictions were based upon the same underlying act and dual punishments are improper. Carawan v. State, 515 So.2d 161 (Fla.1987).
*577 For the foregoing reasons, the conviction and sentence of the possession of the firearm are vacated and the remainder of the sentence is affirmed.