PER CURIAM.
Daniel Samson, also known as Paul Aar-ons, appeals his judgment and sentence. We affirm the trial court in all respects, except for its entry of enhanced and mandatory minimum sentences on Counts I, IV, VI, and VII.
As the State concedes, the trial court entered incorrect sentences on Counts I, IV, VI, and VII. The trial court enhanced Aarons’s second degree murder conviction (Count I) from a first degree felony punishable by life to a life felony. The trial court also imposed three-year mandatory minimum sentences for Aarons’s convictions of second degree murder (Count I), attempted robbery (Count IV), and aggravated assault (Counts VI & VII). In order for the trial court to have properly enhanced the second degree murder conviction and imposed the mandatory minimum sentences, the jury first needed to find that Aarons had used a *1339 firearm to commit the offenses. Because the jury did not make such a finding, the trial court erred in entering the sentences and is, therefore, reversed. Sears v. State, 539 So.2d 1174, 1175 (Fla. 4th DCA 1989); Holt v. State, 512 So.2d 268, 269 (Fla. 3d DCA 1987) (per curiam).
On remand, the trial court is instructed to change Aarons’s second degree murder conviction (Count I) to a first degree felony punishable by life and to strike Aarons’s three-year mandatory minimum sentences on his second degree murder conviction (Count I), his attempted robbery conviction (Count IV), and his two aggravated assault convictions (Counts VI-VII).
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
GUNTHER, J., and ALDERMAN, JAMES E., Senior Justice, concur.
WARNER, J., concurs specially with opinion.