638 So.2d 1042 (1994)
Joe Mack BOWSER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 92-1759.
District Court of Appeal of Florida, First District.
June 23, 1994.
*1043 Clifford L. Davis, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal by the defendant, Joe Mack Bowser, Jr., from a judgment of conviction and sentence for second degree murder. We reject, without elaboration, those assertions of error in which the defendant challenges his judgment of conviction. We write only to address the defendant's argument that the trial court erroneously imposed a 3-year mandatory minimum sentence for use of a firearm. On this issue, we agree that it was error to impose the firearm mandatory minimum without the requisite jury finding, and we certify conflict with Rios v. State, 510 So.2d 1025 (Fla. 3d DCA 1987).
The defendant was indicted for the first degree murder of Eugene Piotrowski "by shooting him with a firearm." The only evidence at trial established that the victim was killed by a single gunshot to the head. Apparently persuaded that the defendant fired the fatal shot, the jury returned a verdict of "guilty of Second Degree Murder, a lesser included charge." The verdict did not include a finding regarding the defendant's use of a firearm.
At sentencing, the defendant argued that the absence of a jury finding precluded imposition of a 3-year firearm mandatory minimum. The trial court overruled this objection, citing Rios v. State, 510 So.2d 1025 (Fla. 3d DCA 1987), as authority for imposing the mandatory minimum term despite the absence of a jury finding.
Indeed, Rios appears indistinguishable from the instant case. There, as here, the defendant was charged with first degree murder with a firearm, but was convicted of second degree murder as a lesser included offense. Although the verdict did not contain a specific finding concerning the defendant's use of a firearm, the trial court proceeded to impose the mandatory minimum term. On appeal, the Third DCA affirmed the imposition of the firearm mandatory minimum. According to the court, it could be inferred from the jury's verdict that the defendant committed the murder with a firearm as charged in the indictment, but that the offense did not involve the premeditation or felony murder element required for first degree murder.
To the extent that Rios remains good law,[1] we decline to follow the holding of that case. In State v. Overfelt, 457 So.2d 1385, 1387 (Fla. 1984), the supreme court held that in order to impose the firearm mandatory minimum "the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict." (Emphasis added). As we read Overfelt, a jury finding is required, either by special verdict, or by direct reference to a charging document that alleges the use of a firearm. Where, as here, there is no special verdict, and the jury finds the defendant guilty of a lesser included offense that may or may not involve a firearm, neither the trial court nor this court is authorized to infer a firearm finding for the jury. It is the jury that must make the finding that the defendant used a firearm, even where, as here, the particular facts may support an inference so strong as to approach certainty.
Accordingly, the defendant's conviction is affirmed, but the 3-year mandatory minimum term is vacated. The cause is remanded for resentencing, and we certify conflict *1044 with Rios v. State, 510 So.2d 1025 (Fla. 3d DCA 1987).
MINER, WEBSTER and DAVIS, JJ., concur.
NOTES
[1] In Marshall v. State, 529 So.2d 797, 797-98 n. 2 (Fla. 3d DCA 1988), the Third DCA found the underlying premise of Rios "open to considerable doubt." The court noted that both second degree murder with a firearm and second degree murder without a firearm could be lesser included offenses of the charged first degree murder. Thus, it was questionable whether the jury necessarily concluded that the defendant committed the offense with a firearm when it found him guilty of the lesser included offense. Because Marshall's conviction had to be reversed for failure to properly instruct the jury, the court's discussion of the allegedly erroneous imposition of the firearm mandatory minimum was not dispositive of any issue presented. Although the court's discussion cast doubt upon the validity of Rios, the decision in Rios was not receded from.