675 So.2d 1010 (1996)
Nathaniel HARGROVE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1579.
District Court of Appeal of Florida, Fourth District.
June 19, 1996.
*1011 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, Judge.
We affirm the conviction. Our difficulty lies in reversingas we mustthe mandatory minimum sentence for the use of a firearm. With great reluctance, we are simply unable to read State v. Overfelt, 457 So.2d 1385 (Fla.1984), in any reasonable way that would allow the mandatory minimum sentence in this case to stand. We thus explain why we believe that result unpalatable.
Defendant was charged with murder "by shooting [victim] with a firearm." R. 665. In his opening statement, the prosecutor told the jury that the evidence would show that, after being taunted by the victim, defendant "fired at least two and possibly three shots," and that "two shots we know entered the brain of [the victim] killing him instantly." In his opening statement, defense counsel began by stating that there were some "inconsequential" differences with the prosecutor's opening statement of the facts, but his entire statement to the jury was devoted to the insanity defense. In other words, he did not suggest that defendant had not shot the victim, or imply that there was any evidence suggesting that someone else shot him, or that he died by something other than a gunshot.
During trial, two other persons in the truck with the victim testified to the shooting. At least three witnesses, including one police officer, testified that defendant told them immediately afterwards that he shot the victim. After his arrest and Miranda warnings, defendant gave a confession in which he stated that he shot the victim because the victim had carried on an affair with defendant's wife. Although no weapon was ever found, the investigating officers discovered bullets in defendant's room. The defense called no witnesses and adduced no evidence. In closing argument, defense counsel told the jury that the only issue for them to decide was whether defendant was legally insane at the time of the shooting. The verdict found defendant guilty, "as to Count I of the Indictment," [sic-Information?] of second degree murder.
In Overfelt, the court said:
"The district court held, and we agree, `that before a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating.' [Overfelt v. State], 434 So.2d [945] at 948 [(Fla. 4th DCA 1983)]. See also Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984); Smith v. State, 445 So.2d 1050 (Fla. 1st DCA 1984); Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982); Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1981). But see Tindall v. State, 443 So.2d 362 (Fla. 5th DCA 1983). The question of whether an accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury. Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury's function to be the finder of fact with regard to matters concerning the criminal episode. To allow a judge to find that an accused actually possessed a firearm when committing a felony in order to apply the enhancement or mandatory sentencing provisions of section 775.087 would be an invasion of the jury's historical function and could lead to a miscarriage of justice in cases such as this where the defendant was charged with but not convicted of a crime involving a firearm." [emphasis supplied].
457 So.2d at 1387. As the court further explained,
"In this case Overfelt was charged with, among other crimes, two counts of attempted first-degree murder. On these charges the jury found him guilty of the lesser included offenses of attempted third-degree murder on one count and aggravated *1012 assault on the other. The trial judge reclassified the crime of attempted third-degree murder as a felony of the third degree, relying upon section 775.087(1), which authorizes the reclassification of the degree of a felony whenever the defendant in committing the felony carries, displays, uses, threatens, or attempts to use any weapon or firearm. The court also applied the three year mandatory sentencing provision of section 775.087(2)."
457 So.2d at 1386. It is obvious that in Overfelt the defense contested the issue whether there had even been a crime and whether defendant had committed it. When the judge determined at sentencing that defendant had used a firearm, he invaded the province of the jury to settle that very issue. In this case, however, there was no attempt by defendant to deny that he had done the shooting as charged in the information. His only defense was to claim insanityi.e., "I shot the victim with a firearm, but I didn't know what I was doing when I did it."
Frankly, we are unable to understand the necessity in these circumstances to have a jury finding on the use of a firearm. If he did the deed at alland he admitted that he didthen he did it with a firearm. There is no reason for the express finding by the jury in this circumstance, as there was in Overfelt, to resolve any contested issue of whether a firearm was the instrument of the crime or whether it was the defendant who used it.
As we read Overfelt, there is only one circumstance in which the court can impose the mandatory minimum for using a firearm: "the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating." [emphasis supplied] 457 So.2d at 1387. We are not the only appellate judges who read Overfelt that way. In Bowser v. State, 638 So.2d 1042 (Fla. 1st DCA 1994), the first district reached the same conclusion and certified conflict with Rios v. State, 510 So.2d 1025 (Fla. 3d DCA 1987). Yet Overfelt stated that the "factual matter properly decided by the jury" was "[t]he question of whether an accused actually possessed a firearm while committing a felony." [emphasis supplied] 457 So.2d at 1387. Here, there was no question as to whether defendant "actually possessed a firearm while committing a felony." That fact was conceded at trial. The issue was whether he was in his right mind when he used that firearm.
Not imposing the mandatory minimum for using that firearm seems irrational to us. It is the degradation of substance to design. We therefore certify to the supreme court the following question of great public importance:
When defendant is charged with committing a crime with the use of a firearm but does not contest its use and instead defends on the ground that he was insane when he used the firearm, and the record is clear beyond any doubt that defendant did actually use the firearm, must the sentencing judge impose the mandatory minimum sentence?
CONVICTION AFFIRMED; SENTENCE REVERSED; QUESTION CERTIFIED.
GUNTHER, C.J., and WARNER, J., concur.