693 So.2d 135 (1997)
STATE of Florida, Appellant,
v.
Rodney WALTON, Appellee.
No. 96-2477.
District Court of Appeal of Florida, Fourth District.
May 14, 1997.
*136 Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellee.
POLEN, Judge.
The state appeals Rodney Walton's sentence of eighteen months probation entered pursuant to a no contest plea on a charge of carrying a concealed weapon. The state claims the trial court erred in failing to assess additional sentencing guideline points for the weapon. We affirm.
Walton pled no contest after the court stated that it would withhold adjudication and place him on eighteen months probation. The state maintained below and argues on appeal that an additional twenty-five (25) points should have been included on Walton's guideline scoresheet for having a semiautomatic weapon, and with these additional points a prison sentence would have been mandatory. It is appellant's position that these additional points should have been assessed pursuant to Florida Rule of Criminal Procedure 3.702(d)(12), which provides:
(12) Possession of a firearm, destructive device, semiautomatic weapon, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points shall be assessed where the defendant is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a firearm as defined in subsection 790.001(6) or a destructive device as defined in subsection 790.001(4). Twentyfive sentence points shall be assessed where the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a semiautomatic weapon as defined in subsection 775.087(2) or a machine gun as defined in subsection 790.001(9).
Section 921.0014, Florida Statutes (1995), similarly provides:
Possession of a firearm, semiautomatic firearm, or machine gun: If the offender is convicted of committing or attempting to commit any felony other than those enumerated in Sec. 775.087(2) while having in his possession: a firearm as defined in Sec. 790.001(6), an additional 18 sentence points are assessed; or if the offender is convicted of committing or attempting to commit any felony other than those enumerated in Sec. 775.087(3) while having in his possession a semiautomatic firearm as defined in Sec. 775.087(3) or a machine gun as defined in Sec. 790.001(9), an additional 25 sentence points are assessed.
In Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), this court stated as follows:
We reverse Appellant's sentence and remand for resentencing due to scoresheet error in assessing 18 additional points for possession of a firearm. Florida Rule of Criminal Procedure 3.702(d)(12) permits assessment of these additional points where the defendant is convicted of committing a felony, other than those enumerated in subsection 775.087(2), Florida Statutes, "while having in his or her possession a firearm." (Emphasis added) We recognize that two districts appear to have decided this issue otherwise. See State v. Davidson, 666 So.2d 941 (Fla. 2d DCA 1995); Gardner v. State, 661 So.2d 1274, 1275 (Fla. 5th DCA 1995). We do not disagree with the conclusion in Davidson and Gardner that assessing the additional scoresheet points does not offend principles of double jeopardy. But we construe *137 rule 3.702(d)(12) as inapplicable to convictions of these two offenses when unrelated to the commission of any additional substantive offense.
Our prior decision in Galloway compels an affirmance of the trial court's failure to add guideline points for the weapon and Walton's sentence. We certify conflict with State v. Davidson, 666 So.2d 941 (Fla. 2d DCA 1995); Gardner v. State, 661 So.2d 1274, 1275 (Fla. 5th DCA 1995), and Smith v. State, 683 So.2d 577 (Fla. 5th DCA 1996), which have held to the contrary.
STONE and WARNER, JJ., concur.