694 So.2d 729 (1997)
STATE of Florida, Petitioner,
v.
Nathaniel HARGROVE, Respondent.
No. 88412.
Supreme Court of Florida.
May 15, 1997.
Robert A. Butterworth, Attorney General; and Georgina Jimenez-Orosa, Senior Assistant Attorney General and Don M. Rogers, Assistant Attorney General, West Palm Beach, for Petitioner.
Richard L. Jorandby, Public Defender and Joseph R. Chloupek, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Respondent.
HARDING, Justice.
We have for review a decision passing on a question certified to be of great public importance.[1]Hargrove v. State, 675 So.2d 1010, *730 1012 (Fla. 4th DCA 1996). We rephrase the question to state:
WHEN A DEFENDANT CHARGED WITH COMMITTING A CRIME WITH THE USE OF A FIREARM DOES NOT CONTEST ITS USE AND INSTEAD DEFENDS ON THE GROUND THAT HE WAS INSANE WHEN HE USED THE FIREARM, AND THE RECORD IS CLEAR BEYOND ANY DOUBT THAT DEFENDANT DID ACTUALLY USE THE FIREARM, MAY THE SENTENCING JUDGE IMPOSE THE MANDATORY MINIMUM SENTENCE FOR USE OF A FIREARM WITHOUT A SPECIFIC FINDING OF THAT FACT BY THE JURY?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative.
Hargrove was charged with murder by shooting the victim with a firearm. In opening statement, the State mentioned that the evidence would show that Hargrove fired multiple shots at the victim. Hargrove's opening statement said that there were some "inconsequential" differences from the prosecution's statement of the facts, but the entire statement was directed to the insanity defense. Several people at trial testified that Hargrove shot the victim. The defense called no witnesses. During closing, the defense told the jury that the only issue for them to consider was whether Hargrove was legally insane at the time of the shooting. Hargrove was found guilty of second-degree murder. The trial judge imposed the mandatory minimum sentence for use of a firearm.
The Fourth District Court of Appeal affirmed Hargrove's conviction for second-degree murder, but reluctantly reversed the mandatory minimum sentence for use of a firearm, citing this Court's opinion in State v. Overfelt, 457 So.2d 1385 (Fla.1984). Hargrove v. State, 675 So.2d 1010 (Fla. 4th DCA 1996). The court examined Overfelt, and cited the following language from that case:
"[B]efore a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime; while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating." [Overfelt v. State], 434 So.2d [945] at 948 [(Fla. 4th DCA 1983)]. The question of whether an accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury.... To allow a judge to find that an accused actually possessed a firearm when committing a felony in order to apply the enhancement or mandatory sentencing provisions ... would be an invasion of the jury's historical function and could lead to a miscarriage of justice in cases such as this where the defendant was charged with but not convicted of a crime involving a firearm.
Hargrove, 675 So.2d at 1011 (quoting Overfelt, 457 So.2d at 1387) (citations omitted) (alterations in original). The court noted that in Overfelt the defendant contested the issue of whether there had been a crime and whether the defendant had committed it, and there was no such attempt to deny that Hargrove had done the shooting alleged in the information in the instant case. The district court noted that although it could not understand the necessity for a jury finding of "use of a firearm" in a case such as Hargrove, the Court's decision in Overfelt could not be interpreted in such a way as to allow otherwise, and therefore certified the question to this Court.
We answer the question in the negative. Our decision in Overfelt encompasses cases where the evidence of use of a firearm is unrebutted. There must be a specific finding by the jury. Even where the use of a firearm is uncontested, the overriding concern of Overfelt still applies: the jury is the fact finder, and use of a firearm is a finding of fact. If the State wishes to guard against the recurrence of a situation such as in the instant case, it is in a position to do so: it has the right to propose an interrogatory on the verdict form asking whether or not the jury finds the defendant guilty of a crime involving *731 use of a firearm. There was no such finding in this case. Also, this case does not involve a verdict of guilty "as charged," where the charge was a crime using a firearm. Such a verdict would specifically incorporate the finding. But this case was different: here, the defendant was convicted of a lesser included offense without a specific finding. There was no special verdict form, interrogatory, or even language in the verdict referencing a firearm.
Our holding today not only gives effect to the clear intent of our language from Overfelt, but also appears to be in line with the treatment of this issue by the majority of cases dealing with it at the District Court of Appeal level. See, e.g., Mesa v. State, 632 So.2d 1094 (Fla. 3d DCA 1994) (jury must make finding by specific question or special verdict form); Boswell v. State, 544 So.2d 243 (Fla. 3d DCA 1989) (finding cannot be inferred by court based upon another conviction involving display of a firearm); Sears v. State, 539 So.2d 1174 (Fla. 4th DCA 1989) (required specific finding to uphold mandatory minimum); Douglas v. State, 523 So.2d 704 (Fla. 2d DCA 1988) (the proper means to determine whether firearm was used is by specific question on the verdict form); Henry v. State, 483 So.2d 860 (Fla. 5th DCA 1986) (enhancement was error where there was no specific finding).
While a specific question or special verdict form is the clearest way by which the jury can make the finding necessary to support this enhancement, we note that Overfelt only requires "a clear jury finding." Accordingly, the mandatory minimum can be based on jury verdicts which specifically refer to the use of a firearm, or to the information where the information contained a charge of a crime committed with the use of a firearm. See, e.g., State v. Jones, 536 So.2d 1161 (Fla. 5th DCA 1988) (verdict of "guilty as charged" for defendant charged with burglary with a firearm supported mandatory minimum); Luttrell v. State, 513 So.2d 1298 (Fla. 2d DCA 1987) (mandatory minimum was supported where jury's verdict specifically referred to information which charged defendant with attempted first-degree murder with a firearm); Massard v. State, 501 So.2d 1289 (Fla. 4th DCA 1986) (allowed jury verdict of guilty "as charged" to sustain mandatory minimum where information recited the use of a blunt instrument); Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986) (verdict of "manslaughter with firearm" was sufficient to constitute jury finding of use of firearm).
We do not believe the situation in the instant case warrants an exception to Overfelt. Accordingly, we answer the certified question in the negative, as explained above, and approve the decision of the district court.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES and ANSTEAD, JJ., concur.
WELLS, J., dissents.
NOTES
[1] The original question reads:

WHEN DEFENDANT IS CHARGED WITH COMMITTING A CRIME WITH THE USE OF A FIREARM BUT DOES NOT CONTEST ITS USE AND INSTEAD DEFENDS ON THE GROUND THAT HE WAS INSANE WHEN HE USED THE FIREARM, AND THE RECORD IS CLEAR BEYOND ANY DOUBT THAT DEFENDANT DID ACTUALLY USE THE FIREARM, MUST THE SENTENCING JUDGE IMPOSE THE MANDATORY MINIMUM SENTENCE?
Hargrove v. State, 675 So.2d 1010, 1012 (Fla. 4th DCA 1996).