705 So.2d 668 (1998)
Michael KING, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4263.
District Court of Appeal of Florida, Fourth District.
January 28, 1998.
*669 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Chief Judge.
We reverse Appellant's life sentence imposed in count I; in all other respects, Appellant's sentence is affirmed.
Appellant was convicted and sentenced 15 years ago on counts charging attempted first-degree murder, battery on a law enforcement officer, possession of a firearm by a felon, burglary, grand theft, and possession of a concealed firearm during commission of a felony. He was sentenced as a habitual offender, and subsequently resentenced.
Attempted first-degree murder is a first-degree felony, punishable "by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment." § 775.082(3)(b), Fla. Stat. (1995). The offense may be reclassified to a "life felony" pursuant to section 775.087(1), Fla. Stat. (1995), which provides that:
[W]henever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
In 1991 and 1992, new judgment forms were filed which erroneously adjudicated Defendant guilty of attempted first-degree murder with a firearm, a life felony. When Defendant appeared for another resentencing in 1996, the court mistakenly considered the offense to be a life felony. However, it is undisputed that the jury verdict in this case did not contain a finding by the jury that Defendant used a firearm in commission of the attempted first-degree murder charge.
It is well established that before a court may enhance a defendant's sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm, either by finding him guilty of a crime which involves a firearm or by stating so on the verdict form. See e.g. Hargrove v. State, 675 So.2d 1010 (Fla. 4th DCA 1996), approved, 694 So.2d 729 (Fla.1997); State v. Overfelt, 457 So.2d 1385 (Fla.1984). In Hargrove, a defendant was convicted of second-degree murder and was given a mandatory minimum sentence for use of a firearm. The defendant was charged with murder "by shooting [victim] with a firearm," and the defendant never contested that he shot the victim. In closing argument, defense counsel told the jury that the only issue for them to decide was whether the defendant was legally insane at the time of the shooting. This court reversed the defendant's sentence for lack of a specific finding by the jury that the defendant committed the crime while using a firearm, despite the fact that death resulted from a gunshot and the defendant never denied shooting the victim with a gun. This court reversed, albeit reluctantly, stating that:
Frankly, we are unable to understand the necessity in these circumstances to have a *670 jury finding on the use of a firearm. If he did the deed at alland he admitted that he didthen he did it with a firearm. There is no reason for the express finding by the jury in this circumstance, as there was in Overfelt, to resolve any contested issue of whether a firearm was the instrument of the crime or whether it was defendant who used it.
Hargrove, 675 So.2d at 1012. We further stated that "[n]ot imposing the mandatory minimum for using that firearm seems irrational to us. It is the degradation of substance to design." Id.
The supreme court in affirming this court's holding, confirmed that "[e]ven where the use of a firearm is uncontested, the overriding concern of Overfelt still applies: the jury is the fact finder, and use of a firearm is a finding of fact." Hargrove, 694 So.2d at 730.
Here, although the verdict form contained charges relating to use of a firearm, the use of a firearm was not linked to the first-degree attempted murder of Officer Day, and could just as easily apply to the armed robbery. See Boswell v. State, 544 So.2d 243 (Fla. 3d DCA 1989). Thus, Appellant cannot be resentenced to an enhanced life sentence under § 775.087(1) for use of a firearm during the commission of the attempted first-degree murder. We therefore remand for resentencing on count I in accordance with § 777.04(4)(a), Fla. Stat. (1995), which provides a 30-year maximum term of imprisonment for first-degree felonies.
As to all other issues, the sentences are affirmed.
KLEIN and GROSS, JJ., concur.