725 So.2d 1217 (1999)
James Renorris THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04138
District Court of Appeal of Florida, Second District.
January 15, 1999.
Rehearing Denied February 12, 1999.
James Marion Moorman, Public Defender, Bartow, and Megan Olson, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, James Renorris Thompson, challenges his judgments and sentences for delivery of cocaine, possession of cocaine, aggravated assault, and felonious possession of a firearm. He contends that, pursuant to White v. State, 714 So.2d 440 (Fla. 1998), twenty-five points for possession of a semiautomatic firearm were erroneously added to *1218 his guidelines score. Though the State concedes error, White merely addresses the inappropriate assessment of eighteen points for possession of a firearm during the commission of a crime, where the possession or use of such is already an element of the crime. In State v. Davidson, 666 So.2d 941, 942 (Fla. 2d DCA 1995), however, this court determined that the twenty-five points for use of a semiautomatic firearm could be assessed for the crime of carrying a concealed weapon, because the additional points were intended to distinguish "between types of firearms." Davidson explains that the rule calling for the twenty-five-point assessmentFlorida Rule of Criminal Procedure 3.702(d)(12)"manifests nothing more than legislative recognition of the need to deter through enhanced punishment the use of semiautomatic firearms and their potential for the infliction of severe injury during the commission of criminal acts." Id., 666 So.2d at 942. We again reach that conclusion. The twenty-five points at issue were therefore properly added to Thompson's guidelines score for his possession of a semiautomatic firearm with respect to his conviction for felonious possession of a firearm.
Affirmed.
CAMPBELL, A.C.J., THREADGILL and GREEN, JJ., Concur.