724 So.2d 652 (1999)
Eric Lamon WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1726
District Court of Appeal of Florida, Fifth District.
January 15, 1999.
James B. Gibson, Public Defender, Michael S. Becker and Andrea J. Surette, Assistant Public Defenders, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Williams argues his sentence of 51.5 months in prison for possession of a firearm by a convicted felon[1] was unlawfully extended because 25 additional points were added to his sentencing scoresheet for possession of a semi-automatic weapon. The points were added pursuant to Florida Rule of Criminal Procedure 3.702(d)(12). We agree that they should not have been added in this case. Accordingly, we vacate the sentence and remand for resentencing.
White v. State, 714 So.2d 440 (Fla.1998) is controlling. In White, the Florida Supreme Court held that pursuant to Florida Rule of Criminal Procedure 3.702(d)(12), 18 additional points for possession of a firearm should not be added to a defendant's scoresheet, if the only offense for which the defendant is being sentenced has as an essential element the carrying of a firearm. White involved a defendant who had been convicted of carrying a concealed firearm and possession of a firearm by a convicted felon.
In this case, Williams pled nolo contendere to the crime of possession of a firearm by a convicted felon. It is the only offense for *653 which he was being sentenced in this case. Although rule 3.702(d)(12) provides 18 points are to be assessed in cases where a defendant possesses a firearm, it further provides in a parallel provision that 25 points should be assessed if (among other things) the defendant possesses a semi-automatic weapon as defined in subsection 775.087(2). Since these are twin provisions in the same rule, the holding in White should control this case as well.
It may be, as suggested by Judge Dauksch's special concurring opinion, that courts should impose the same requirements for application of additional points pursuant to rule 3.702(d)(12) as they have for enhancing the seriousness of offenses pursuant to section 775.087(1). In general, those requirements are that the information must actually charge use of a firearm, and the jury must make a fact finding that a firearm was used. See State v. Overfelt, 457 So.2d 1385 (Fla. 1984); King v. State, 705 So.2d 668 (Fla. 4th DCA 1998); Hargrove v. State, 675 So.2d 1010 (Fla. 4th DCA 1996); approved, 694 So.2d 729 (Fla.1997). Thus in this case, the information should have charged Williams with possession of a semi-automatic weapon and had the case gone to the jury, it would have had to have specifically found he possessed a semi-automatic weapon.
However, we have found no appellate case that applies those requirements for section 775.087(1) cases to rule 3.702(d)(12). Since it is not necessary to this opinion to reach that issue, we decline to do so.
Sentence VACATED; REMANDED for resentencing.
ANTOON, J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, J., concurring.
While I concur with the result, I do so on a different basis. Because appellant was not charged with having a semiautomatic firearm in his possession when he committed the crime and because the jury did not make a specific finding regarding the possession of a semiautomatic weapon, it was error for the judge to enhance the sentence.
If appellant had been charged and found guilty of possession of a firearm while in commission of a felony and the charge and verdict said semiautomatic weapon, then the sentence could be enhanced. There is a difference between a firearm and a semi-automatic weapon and the legislature has recognized it by permitting a more severe penalty.
NOTES
[1] § 790.23, Fla. Stat. (1997).