STONE, J.
We affirm the judgment and sentence. This is the fourth time King’s life sentence has been reviewed.
In 1981, King was charged and convicted of attempted first-degree murder, battery on a law enforcement officer, possession of a firearm by a convicted felon, burglary, grand theft, and possession of a concealed firearm during the commission of a felony. The court sentenced King as a habitual felony offender for each count except count II, with sentences to run consecutively to each other. King was sentenced to life imprisonment with a three year mandatory minimum on count I, thirty years with a three year mandatory minimum on count III, ten years on count IV, ten years on count V, and thirty years on count VI. On direct appeal, this court affirmed King’s sentence. King v. State, 423 So.2d 932 (Fla. 4th DCA 1982).
King subsequently contested the judgment and sentences in the trial court. The court entered new judgment forms reflecting that King was adjudicated guilty of attempted first-degree murder with a firearm, a life felony. He was resentenced as a habitual offender to the same consecutive terms as those originally imposed. This sentence was affirmed in King v. State, 618 So.2d 244 (Fla. 4th DCA 1993).
Subsequently, King filed a motion for post-conviction relief and was resentenced as to counts I, III, and VI, to life in prison on count I and concurrent terms of thirty years in prison on counts III and VI. The court sentenced King as a habitual offender on counts III and VI.
Thereafter, King appealed the life sentence imposed in count I. In King v. State, 705 So.2d 668 (Fla. 4th DCA 1998), this court reversed the life sentence because the trial court mistakenly considered the offense to be a life felony, despite the absence of a specific finding by the jury that King used a firearm in the commission of the attempted first-degree murder. Id. at 669. In remanding for resentencing, *71 we said: “We therefore remand for resen-tencing on count I in accordance with § 777.04(4)(a), Fla. Stat. (1995), which provides a 30-year maximum term of imprisonment for first-degree felonies.” Id. at 670. On remand, the state requested, and the court imposed, a life sentence on count I pursuant to the habitual offender statute.
Initially, we conclude that the trial court’s earlier resentencing that did not include a habitual offender provision on count I did not preclude the imposition of a habitual offender sentence on remand. See Harris v. State, 645 So.2d 386 (Fla.1994), habeas corpus denied sub nom, Harris v. Moore, No. 95-1755-CLV-T-17A, 1999 WL 223167 (M.D.Fla. Feb.19, 1999). In Harris, the trial court believed at the original sentencing hearing that the defendant’s convictions were not subject to habitualization and, therefore, did not impose habitual offender sanctions. The appellate court determined that the trial court’s findings were erroneous and remanded the case for resentencing. The defendant was subsequently resentenced under the habitual offender statute.
Following resentencing, Harris appealed, arguing that the imposition of a habitual offender sentence violated the double jeopardy clause. The supreme court upheld the imposition of habitual offender sanctions, concluding that the trial court’s initial decision against habitualization was “the result of an error of law and not a discretionary judgment based on the facts.” Id. at 388. The supreme court further explained that but for the error, the trial court would have imposed habitual offender sanctions at the original sentencing. Id.
Here, King was not sentenced as a habitual offender because the trial court mistakenly considered the offense to be a life felony as a matter of law. See Lamont v. State, 610 So.2d 435, 438 (Fla.1992)(con-cluding that “one convicted of a life felony is not subject to enhanced punishment as a habitual offender”). Patently, but for the mistaken belief that King was convicted of a life felony, the trial court would have sentenced King as a habitual offender. Moreover, our instruction contained in the last appeal did not preclude the trial court from imposing a habitual offender sentence, as the habitual offender issue was not before us at that time. Because this court did not consider the habitual offender issue, the mandate does not prevent the imposition of the enhanced sentence under section 775.084(4)(a)l.
We further note that the habitual offender sentence did not constitute a Pearce violation. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Here, the trial court did not impose a harsher sentence on remand and there is no indication of a vindictive motive on the part of the court. Additionally, there is clear and convincing evidence supporting the imposition of a habitual offender sentence.
Accordingly, the habitual offender life sentence is affirmed.
STEVENSON and SHAHOOD, JJ., concur.