756 So.2d 39 (2000)
James Renorris THOMPSON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC95088.
Supreme Court of Florida.
April 6, 2000.
*40 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Tenth Judicial Circuit, Bartow, for Petitioner.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
We have for review the decision in Thompson v. State, 725 So.2d 1217 (Fla. 2d DCA 1999), which expressly and directly conflicts with the opinions in White v. State, 714 So.2d 440 (Fla.1998), and Williams v. State, 724 So.2d 652 (Fla. 5th DCA 1999), on the issue of whether twenty-five sentencing points for the possession of a semi-automatic firearm may be assessed against a defendant who was convicted of possession of a firearm by a convicted felon. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The record reveals that in 1997, while on probation for drug related offenses committed in 1994, Thompson was arrested and charged with aggravated assault with a firearm, during which he possessed a semi-automatic weapon. While that charge was pending, the police learned that Thompson was a convicted felon and subsequently charged him with felonious possession of a firearm.[1] Thompson pled no contest to the aggravated assault and felonious possession of a firearm charges. The offense of aggravated assault is expressly exempted under Florida Rule of Criminal Procedure 3.703(d)(19) from assessment of additional sentencing points for the possession of a firearm. However, the trial court assessed an additional twenty-five sentencing points to Thompson's sentencing scoresheet for the felonious possession offense and sentenced Thompson to a term of imprisonment. On appeal, the Second District Court of Appeal approved the trial court's assessment of the sentencing points relying on its previous decision in State v. Davidson, 666 So.2d 941 (Fla. 2d DCA 1995). In so concluding, the district court distinguished this Court's recent opinion in White on the ground that it addressed only the assessment of eighteen sentencing points for the possession of a firearm.
*41 In White, we held that eighteen sentencing points may not be assessed against a defendant who was convicted only of charges of illegal possession of a firearm. We reasoned that it would be improper to additionally enhance the punishment for the possession of a firearm where the illegal possession of the firearm was the charge being punished. See 714 So.2d at 444. Although White involved the use of a firearm as opposed to a semiautomatic weapon, our holding and reasoning did not rest on the type of weapon used. Indeed, we fail to see any reason to distinguish between the types of firearm involved in making the initial determination of whether to assess such additional sentencing points in a case based solely on the illegal possession of the firearm in question.
In fact, we have already decided this issue in State v. Walton, 717 So.2d 522 (Fla.1998), which involved the same question as to whether the additional twenty-five sentencing points should be assessed for the possession of a semi-automatic weapon where the defendant was convicted and sentenced for the offense of carrying a concealed firearm. The Fourth District affirmed the trial court's refusal to add the additional points for the weapon possession. See State v. Walton, 693 So.2d 135, 137 (Fla. 4th DCA 1997). Upon review, we reiterated our holding in White and approved the Fourth District's decision. See Walton, 717 So.2d at 522.
Accordingly, we approve the opinion in Williams and quash the decision in Thompson in accordance with our decisions in White and Walton.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.
NOTES
[1] Thompson was charged with violating section 790.23(1)(a), Florida Statutes (1997), which states: "It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been ... [c]onvicted of a felony...."