PER CURIAM.
We have for review the decision in McKnight v. State, 731 So.2d 665 (Fla. 2d DCA 1999), which expressly and directly conflicts with this Court’s opinion in White v. State, 714 So.2d 440 (Fla.1998), and the Fifth District Court of Appeal’s decision in Williams v. State, 724 So.2d 652 (Fla. 5th DCA 1999), on the issue of whether twenty-five sentencing points may be assessed for the possession of a semi-automatic firearm for the convicted offense of carrying a concealed firearm. We have jurisdiction. Art. V, § 8(b)(3), Fla. Const.
We recently resolved this conflict in Thompson v. State, 756 So.2d 39 (Fla.2000), wherein we held that consistent with our opinion in White, twenty-five sentencing points may not be added to a defendant’s sentencing guideline score sheet where the use or possession of the firearm is inherent in the commission of the underlying felony. We further reasoned that in making the initial determination as to whether the assessment of additional sentencing points are appropriate, it makes no difference whether the weapon was a firearm or a semi-automatic weapon. In so concluding, we approved the opinion in Williams and quashed the district court’s decision in Thompson. See Thompson, at 41.
Accordingly, we quash the decision below in accordance with our decision in Thompson.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, QUINCE and LEWIS, JJ., concur.
WELLS, J., dissents.