758 So.2d 1157 (2000)
Wilson ORJALES, a/k/a Wilson O. Velez, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-3990.
District Court of Appeal of Florida, Second District.
April 14, 2000.
*1158 Ellis Rexwood Curry, IV, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Wilson Orjales appeals his conviction for aggravated assault with a firearm and his sentence of 36 months' imprisonment with a three year minimum mandatory provision. Mr. Orjales raises three issues in this appeal; the first two assert that the trial court erred in failing to give the "castle doctrine" jury instruction, see Falco v. State, 407 So.2d 203 (Fla.1981), and the use of non-deadly force jury instruction, see Miller v. State, 613 So.2d 530 (Fla. 3d DCA 1993). We conclude the trial court did not err and affirm on these issues. However, we find merit in Mr. Orjales' third contention that it was error to impose a three year minimum mandatory condition on his sentence.
Count One of the information charged Mr. Orjales with aggravated assault and stated that he "did use a deadly weapon, to wit: a firearm, without intent to kill." Following closing argument, the trial court provided the jurors with the following instruction:
Wilson Orjales, the defendant in this case, has been accused of the crime of aggravated assault and improper exhibition of a dangerous weapon or firearm.
Before you can find the defendant guilty of aggravated assault, the State must prove the following four elements beyond a reasonable doubt. The first three elements define assault.
One, Wilson Orjales intentionally and unlawfully threatened either by word or act to do violence to [the alleged victim]. Two, at the time Wilson Orjales appeared to have the ability to carry out the threat. Three, the act of the [sic] Wilson Orjales created in the mind of [the alleged victim] a well-founded fear that the violence was about to take place. Four, the assault was made with the a[sic] deadly weapon.
A weapon is a deadly weapon if it is used or threatened to be used in a way likely to produce death or great bodily harm.
Neither the statement of the aggravated assault charge nor the instruction on the elements of aggravated assault mentioned the firearm element specified in the information.
The verdict form for the aggravated assault count gave the jury three choices: guilty of aggravated assault as charged, guilty of assault, and not guilty.
Before the trial court may impose the firearm-enhanced minimum mandatory sentence, the jury must perform its fact finding function and determine whether the offense involved the use of a firearm. See State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984). In two recent opinions, our supreme court has again examined whether a minimum mandatory may be imposed for use of a firearm without a specific finding of fact by the jury. In State v. *1159 Hargrove, 694 So.2d 729 (Fla.1997), the supreme court held that even in circumstances where the defendant's use of a firearm is uncontested, the jury must still make a finding of fact that a firearm was used. Hargrove noted two methods by which this fact may be found. The jury may answer a special interrogatory whether the defendant is guilty of a crime involving use of a firearm or render a verdict of guilty "as charged." In Hargrove, the firearm minimum mandatory was improperly imposed because there was no special verdict form, interrogatory, or even language in the verdict referencing a firearm. See id. at 731. However, it again cautioned that the Overfelt requirement of "a clear jury finding" that a firearm was used remained. Hargrove, 694 So.2d at 731.
In Tucker v. State, 726 So.2d 768, 772 (Fla.1999), the supreme court held "that the verdict form itself" must contain an express reference to the use of a firearm. The supreme court pointed out that it previously held, in State v. Tripp, 642 So.2d 728, 730 (Fla.1994), that a verdict of guilty of the charges set forth in the information was "insufficient to establish that a weapon was used, even though the information alleged that [the defendant] used a weapon during the attempted first-degree murder." In comparison, the verdict form in Tucker, although technically not a special verdict form, contained language finding the defendant "guilty of attempted first degree murder with a firearm" and was, therefore, determined by the supreme court to be legally sufficient.
Applying these decisions to the case before us, we conclude that the absence of specific language referencing a firearm in the verdict form, as well as in the jury instructions, is fatally defective. We do not answer the question whether providing the jurors with a copy of the charging document during deliberations would satisfy the requirements of Overfelt, Hargrove, and Tucker because this case's record is silent on the point.
Accordingly, we affirm the conviction and sentence except for the imposition of the three year minimum mandatory provision which we reverse. We remand with instructions to the trial court to enter an amended sentence accordingly.
PARKER, A.C.J., and SALCINES, J., Concur.