787 So.2d 149 (2001)
Verdell HARVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3990.
District Court of Appeal of Florida, Second District.
May 2, 2001.
*150 PER CURIAM.
Verdell Harvey challenges the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Harvey's motion contained five claims. We affirm the trial court's rulings without discussion on four of the claims, but we reverse and remand with directions to the trial court on the fifth claim.
Harvey was convicted of second-degree murder. In his motion, Harvey alleges that the trial court erred by not reclassifying this conviction from a first-degree felony to a life felony. In other words, Harvey alleges that the trial court erred by imposing a habitual offender sentence because the conviction was a life felony based on the use of a weapon. See, e.g., Nathan v. State, 689 So.2d 1150 (Fla. 2d DCA 1997) (holding that under the 1991 version of the habitual offender statute, defendant could not receive habitual offender sentence for life felony). In order to enhance a conviction based on the use of a firearm, there must be a specific finding by the jury that the defendant used a firearm. That finding can be construed from an "as charged" verdict, if the information alleged the use of a firearm. See State v. Hargrove, 694 So.2d 729 (Fla. 1997). Because the trial court failed to attach record documents refuting this claim, we reverse.
Accordingly, we affirm the denial of grounds one through four. We reverse the denial of ground five and remand for further proceedings. On remand, the trial court may again deny relief if it attaches the record documents that support its decision.
Affirmed in part; reversed in part; and remanded.
PATTERSON, C.J., and BLUE and GREEN, JJ., concur.