PER CURIAM.
The appellant seeks review of the trial court’s order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant pled to and was convicted of possession of a firearm by a convicted felon, carrying a concealed weapon, and attempted burglary. In sentencing the appellant, the trial court added 25 points to the appellant’s sentencing guidelines scoresheet because the appellant allegedly possessed a semi-automatic firearm. Because the appellant has alleged a facially sufficient claim of a scoresheet error that is apparent on the face of the record, we reverse.
Extra points may not be added to a defendant’s sentencing guideline *41 scoresheet on the basis that the appellant possessed a firearm, where the use or possession of the firearm is inherent in the commission of the underlying felony. See Thompson v. State, 756 So.2d 39 (Fla.2000). Therefore, the trial court could not have properly added the 25 points for the appellant’s convictions of possession of a firearm by a convicted felon or carrying a concealed weapon. Further, because the offense of burglary is listed as a crime that is subject to enhancement pursuant to section 775.087(2), Florida Statutes (1993), attempted burglary is exempted from the assessment of the additional points. See Fla. R.Crim. P. 3.703(d)(19). The trial court’s addition of these extra points therefore appears to be improper. Furthermore, the scoresheet error resulted in a departure sentence, and thus was not harmless. See Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001).
We accordingly reverse and remand with instructions for the trial court to either attach record excerpts conclusively demonstrating that the appellant is not entitled to relief, or to resentence the appellant without adding the extra 25 points.
ERVIN, KAHN, and DAVIS, JJ„ concur.