HARRIS, J.
In 1996, Taylor pled to armed burglary, grand theft of a firearm, and “simple” grand theft (grand theft of items which did not include a firearm). Although the court added 18 points to Taylor’s scoresheet based on the firearm, it elected to sentence him to a youthful offender sentence which included probation. Once released, Taylor committed another offense, causing his previous probation to be revoked, and he was sentenced to prison based on his previously enhanced scoresheet. Taylor contends on this appeal that sentencing him to prison for a term extended by the addition of the 18 points based on the firearm is contrary to White v. State, 714 So.2d 440 (Fla.1998), because the charges of armed burglary and grand theft of a firearm were both predicated on the presence of a firearm and were automatically enhanced because of it.
The State responds that it is too late to complain about the scoresheet error ('White should not be applied retroactively) and, in any event, the court had sufficient evidence to itself enhance the grand theft charge which did not involve a firearm because the record supports its finding of a continuous presence of a firearm throughout the commission of all the offenses.
Taylor rebuts the State’s first contention on the basis that we held in Holmes v. State, 722 So.2d 240 (Fla. 5th DCA 1998), that the supreme court holding in White applies to cases in which probation is revoked after the effective date of White. As to the State’s second contention, Taylor urges that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), prevents the trial court from itself enhancing his sentence when neither the jury found nor Taylor pled to the involvement of a firearm during the commission of the “simple” grand theft charge.
We apply our Holmes holding to this case as it relates to the armed burglary and grand theft of a firearm charges.
On the Apprendi issue as it relates to the “simple” grand theft charge, as interesting and as topical as Apprendi is, we find this particular question previously answered by our supreme court in both State v. Overfelt, 457 So.2d 1385 (Fla.1984), and in State v. Hargrove, 694 So.2d 729 (Fla.1997). These cases both hold that even if the use of a firearm is uncontested, the jury still must make a specific finding that the defendant used a firearm before his sentence may be enhanced. Obviously, a plea to an offense will substitute for a jury finding if the defendant specifically admits the use of a firearm. Here, even though Taylor pled to the “simple” grand theft charge, he did not admit the involvement of a firearm in such charge and, since the use of a firearm during the commission of this offense was not alleged in the charging document, his plea does not itself admit this critical element.
Does the fact that Taylor also pled to armed burglary and grand theft of a firearm at the same time he pled to the grand theft charge not involving a firearm supply this missing element? We think not.[1] *175 Had he been convicted of all charges by a jury, the eighteen points could not be added to the counts of armed burglary and burglary of a firearm because of White. And even if Taylor had not specifically contested the use of the firearm during the grand theft unrelated to a firearm, still, under Overfelt and Hargrove, the jury would have had to have made the finding that a firearm was used before enhancement would be permitted.
REVERSED and REMANDED for re-sentencing without the addition of the eighteen enhancement points.
SAWAYA and PALMER, JJ., concur.

. Assuming facts not specifically alleged in the information, the State urges that since all stolen items (firearm and other property) were taken during a single burglary in which Taylor became armed, the court was justified in finding that he possessed a firearm during the "simple” grand theft. While not raised by the parties, it is clear from the record that if in fact the firearm and the other items of a value of more than $300 were taken during the same burglary, then the enhanced sentence, indeed any sentence, for the "simple” grand theft "conviction” becomes problematic. Judge Cowart writing for this court in Drakes v. State, 400 So.2d 487 (Fla. 5th DCA 1981), held it to be a violation of double *175 jeopardy to convict under section 812.014(2)(b), Fla. Stat., for both grand theft of property of a value of $100 or more and grand theft of a firearm if all the property is taken during a single burglary. Although Judge Cowart's finding that double jeopardy had been waived in that case by not timely raising it was receded from by this court in Johnson v. State, 460 So.2d 954 (Fla. 5th DCA 1984), his basic proposition was not.
Although the Florida Supreme Court held in Stole v. Getz, 435 So.2d 789 (Fla.1983), that it was appropriate to convict for both grand theft of a firearm and petit theft of other property taken during the same burglary, the court recognized that these offenses are of different degrees and are established by separate statutory sections. On the other hand, in this case, Taylor was charged with violating section 812.014(2)(c), a third degree felony, by taking property of a value of greater than $300 and, in the alternative, by taking a firearm of undetermined value. This is a single-degree felony committed in alternative ways, such as first degree murder committed with premeditation or committed during the commission of a designated felony. It is like charges of driving under the influence and driving with an unlawful blood alcohol level in which one driving episode constitutes only one offense. See Dejerez v. State, 580 So.2d 656 (Fla. 4th DCA 1991). We held in Wilson v. State, 776 So.2d 347 (Fla. 5th DCA 2001), that because section 812.014 is a statutory degree crime not intended to create a separate offense for each alternative way of committing the offense, that third degree grand theft of a firearm and third degree grand theft of other property taken during the same burglary cannot stand. Hence, either Taylor pled to "simple” grand theft of the other property, unrelated to the firearm, in which case the enhancement is improper or he improperly pled to two alternative means of committing the same act and the entire sentence for the “simple” grand theft should be set aside.