865 So.2d 518 (2003)
Verdell HARVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2954.
District Court of Appeal of Florida, Second District.
November 14, 2003.
CASANUEVA, Judge.
In the second appearance of this appeal in this court, Verdell Harvey again challenges the trial court's order denying his motion for postconviction relief. In Harvey v. State, 787 So.2d 149, 150 (Fla. 2d DCA 2001) (Harvey I), Mr. Harvey contended the trial court erred in failing to reclassify his conviction for second-degree murder from a first-degree felony to a life felony. At the time of the offense, a defendant could not receive a habitual offender sentence for a life felony. Mr. Harvey, then and now, seeks to avoid the imposition of a habitual offender life sentence by having the offense determined to be a life felony. To attain this goal, he asserts that his sentence must be enhanced because a firearm or weapon was used. Relying on Orjales v. State, 758 So.2d 1157 (Fla. 2d DCA 2000), the trial court denied Mr. Harvey's claim. We affirm.
By information, Mr. Harvey was charged with second-degree murder with a firearm, which is a life felony. The jury verdict form found "the defendant guilty of Second Degree Murder, as charged." The verdict form did not contain the word "firearm" anywhere on its face. Accordingly, Mr. Harvey's judgment reflected a conviction for second-degree murder and classified the offense as a first-degree felony. Mr. Harvey was sentenced to a life term as a habitual offender.
"[S]ection 775.087(1)(a), Florida Statutes (1993), requires that the trial court reclassify a first-degree felony to a life felony where the use of a weapon or firearm is an *519 essential element of the offense and a weapon or firearm was used during the offense." Collins v. State, 800 So.2d 660, 661 (Fla. 2d DCA 2001). Under the version of the habitual offender statute in existence at the time Harvey committed the second-degree murder, a defendant could not receive a habitual offender sentence for a life felony. See Harvey I, 787 So.2d at 150.
In Harvey I, Mr. Harvey claimed his sentence was illegal because it should have been enhanced to a life felony based on the use of a firearm, thus depriving the trial court of the power to impose a habitual offender sentence. Because the trial court failed to attach record documentation refuting this claim, we reversed and remanded for further consideration stating, "In order to enhance a conviction based on the use of a firearm, there must be a specific finding by the jury that the defendant used a firearm. That finding can be construed from an `as charged' verdict, if the information alleged the use of a firearm." Harvey I, 787 So.2d at 150. To support this conclusion, Harvey I cited to State v. Hargrove, 694 So.2d 729 (Fla. 1997). However, Hargrove did "not involve a verdict of guilty `as charged' where the charge was a crime using a firearm." Id. at 731. Thus, the language in Hargrove that such a verdict would incorporate a finding that the defendant used a firearm would appear to be dicta. Furthermore, as the supreme court noted in Tucker v. State, 726 So.2d 768, 771 (Fla. 1999), "[W]e held [in State v. Tripp, 642 So.2d 728, 730 (Fla.1994)] that the jury's verdict that Tripp was guilty `of the charges made against him in the Information' was insufficient to establish that a weapon was used, even though the information alleged that he used a weapon during the attempted first-degree murder."
On remand, the trial court again denied Mr. Harvey's claim and attached the information to its order denying relief. The information, citing the language from section 782.04(2), alleged that Mr. Harvey committed second-degree murder "by shooting [the victim] with a firearm, to wit: a handgun." The attached verdict form did not contain a special interrogatory referencing the use of a firearm, nor did the verdict form provide an option for the jury to find Mr. Harvey "guilty of second-degree murder with a firearm." Instead, the jury found the defendant to be "guilty of second-degree murder as charged." In again denying Mr. Harvey's claim, the trial court relied on this court's holding in Orjales, 758 So.2d 1157.
Here, as in Orjales, the issue is whether a sentence may be enhanced in degree when the verdict fails to reflect a jury finding that the offense was committed with a firearm. This is critical because the jury's performance of its fact-finding function determines whether the offense involved the use of a firearm. See State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984). We conclude here, as we did in Orjales, that "the absence of specific language referencing a firearm in the verdict form ... is fatally defective." Orjales, 758 So.2d at 1159.
The defendant in Orjales appealed his conviction for aggravated assault with a firearm and his sentence of thirty-six months' imprisonment with a three-year minimum mandatory provision. The information in that case charged the defendant with aggravated assault and stated that he "did use a deadly weapon, to wit: a firearm, without intent to kill." Id. at 1158. "The verdict form for the aggravated assault count gave the jury three choices: guilty of aggravated assault as charged, guilty of assault, and not guilty." Id. This court held in Orjales that, because of "the *520 absence of specific language referencing a firearm in the verdict form, as well as in the jury instructions," the trial court erred in imposing a three-year minimum mandatory on the aggravated assault conviction.[1]Id. at 1159. Thus, in Orjales, we held that a jury finding of guilty as charged where the information referenced the use of a firearm was insufficient to allow for the imposition of a three-year minimum mandatory based on the physical possession of a firearm during the commission of the enumerated offense.
We recognize that the "as charged" language in Harvey I can be misconstrued. Nevertheless, to sustain an enhancement under Hargrove, Tucker, Tripp, and Orjales, the verdict form must identify the charge as one committed with a firearm. In that way, an "as charged" verdict would incorporate language from the information or indictment that the crime was committed with a firearm. Alternatively, an interrogatory on the verdict form would ask the jury to find that the crime was committed with a firearm.
Because the verdict form here did not reflect the jury's factual finding that the crime was committed with a firearm, the trial court could not enhance the degree of the crime.
We affirm.
SALCINES and SILBERMAN, JJ., Concur.
NOTES
[1] Whether a minimum mandatory is imposed based on the physical possession of a firearm pursuant to section 775.087(2), or whether the level of offense is enhanced based on the possession/use of a firearm pursuant to section 775.087(1), there exists an identical requirement for the jury to specifically find that the defendant possessed/used a firearm. See State v. Overfelt, 457 So.2d 1385, 1387 (Fla. 1984).