PER CURIAM.
Negusse Staley challenges the postcon-viction court’s denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand.
Staley was charged with home invasion robbery while ‘carrying a deadly weapon in violation of sections 812.135 and 775.087, Florida Statutes (2000). The jury found Staley “guilty of home invasion robbery, as charged,” and he was sentenced to life imprisonment as a prison releasee reoffen-der. In his rule 3.800(a) motion, Staley claims his life sentence is illegal because the jury did not make a specific finding that he used a deadly weapon. Relying on State v. Hargrove, 694 So.2d 729 (Fla.1997), the postconviction court denied the motion, finding that the verdict form constituted a clear jury finding that Staley carried a deadly weapon during the commission of the offense.
The postconviction court’s reliance on Hargrove is misplaced. See Harvey v. State, 865 So.2d 518, 520 (Fla. 2d DCA 2003) (“Because the verdict form here did not reflect the jury’s factual finding that the crime was committed with a firearm, the trial court could not enhance the degree of the crime.”). We therefore reverse the postconviction court’s order and remand for Staley’s resentencing.
Reversed and remanded.
CASANUEVA, SALCINES, and WALLACE, JJ., Concur.