570 So.2d 1008 (1990)
Elio Frank FERNANDEZ, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 89-00031.
District Court of Appeal of Florida, Second District.
October 12, 1990.
Rehearing Denied December 12, 1990.
*1009 J. Thomas Wright, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Elio Frank Fernandez, Jr., appeals his conviction for aggravated assault. We reverse his conviction because the trial court did not instruct the jury as requested on the category two lesser-included offense of discharging a firearm in public.
The witnesses agree on the basic facts preceding this incident, but dispute the crucial facts of the incident itself. On the night of March 29, 1988, David Reynolds, the alleged victim, and three of his friends were drinking beer and playing pool in a Tampa bar. Mr. Fernandez and a friend were also drinking beer at the bar on that night. Sometime during the night, Mr. Reynolds and his friends engaged in a brief argument with Mr. Fernandez. The argument ended without any violence and everyone went back to their respective tables. Soon after the argument, Mr. Fernandez and his friend left the bar and walked to the friend's car in the bar's parking lot. A short time later, Mr. Reynolds left the bar and entered his pickup truck, which was also parked in the bar's parking lot.
Mr. Reynolds testified that, as he was driving out of the parking lot, he noticed what appeared to be a confrontation between his friends and Mr. Fernandez. The friends yelled to Mr. Reynolds: "Stop, come back. He's here." Mr. Reynolds stopped his truck, got out, and started walking toward Mr. Fernandez. He testified that he walked toward Mr. Fernandez because he wanted "to see what was going on." Then, according to Mr. Reynolds, Mr. Fernandez produced a handgun from behind his back, aimed the gun directly at Mr. Reynolds, and fired one shot. The bullet missed, and Mr. Reynolds ran back to his truck.
Mr. Fernandez, on the other hand, testified that once Mr. Reynolds entered his pickup truck, he attempted to run over Mr. Fernandez with the truck. He testified that Mr. Reynolds then stopped his truck, got out, walked toward Mr. Fernandez, and threatened to beat him. Mr. Fernandez went to his car and obtained a handgun from the glove compartment. Mr. Fernandez testified that he felt threatened by Mr. Reynolds. When Mr. Reynolds kept walking toward him, he fired a warning shot well above Mr. Reynolds' head.
Two police officers, who were near the bar, heard the gunshot and saw the crowd dispersing. The two officers immediately drove to the bar. Upon their arrival, Mr. Reynolds told the officers that Mr. Fernandez fired a shot at him. The officers pulled up behind Mr. Fernandez's car to prevent him from leaving and asked him to get out of his car. According to one officer, Mr. Fernandez got out of his car and made a spontaneous statement saying that he only fired the gun up in the air. The officers then arrested Mr. Fernandez.
The state charged Mr. Fernandez with aggravated assault "with a deadly weapon, to wit: a firearm," a third-degree felony, and carrying a concealed firearm. §§ 784.021(1)(a), 790.01(2), Fla. Stat. (1987). Since the deadly weapon was a firearm, the state sought the mandatory minimum sentence of three years' imprisonment. *1010 § 775.087(2), Fla. Stat. (1987). Prior to trial, defense counsel filed a written request for jury instructions on the lesser-included offenses of discharging a firearm in public and improper exhibition of a firearm. §§ 790.15, 790.10, Fla. Stat. (1987). Defense counsel's oral argument in support of the requested instructions at the jury instruction conference was modest but at least sufficient to preserve for appeal the issue concerning discharging a firearm in public. Hubbard v. State, 411 So.2d 1312 (Fla. 1st DCA 1981), dismissed, 424 So.2d 761 (Fla. 1982).
Regarding the assault, the trial court instructed the jury on aggravated assault with a firearm, aggravated assault with a deadly weapon, and assault. The jury instructions and the verdict form logically treated aggravated assault with a deadly weapon as the next lesser-included offense of aggravated assault with a firearm. The penalty for aggravated assault with a firearm mandated that Mr. Fernandez receive at least three years' imprisonment, while the penalty for an aggravated assault with any other deadly weapon would have permitted Mr. Fernandez to receive any nonstate prison sanction.[1] Simple assault, a second-degree misdemeanor, was treated as the final lesser-included offense. The jury found Mr. Fernandez guilty of aggravated assault with a firearm and not guilty of carrying a concealed firearm. If the public discharge of a firearm offense had been included in the instructions and in the verdict form, it would have been the offense immediately below aggravated assault with a deadly weapon because public discharge is a first-degree misdemeanor.
The trial court erred in excluding Mr. Fernandez's requested instruction. Although discharge of a firearm in public is not a category one necessarily lesser-included offense of aggravated assault with a deadly weapon, it may be a category two lesser-included offense of that crime depending upon the accusatory pleadings and the evidence presented at trial. See W.J.W. v. State, 446 So.2d 248 (Fla. 5th DCA 1984) (discharge of a firearm in public is not a necessarily lesser-included offense of aggravated battery, but is a permissible lesser-included offense of that offense). The evidence presented in this case supported Mr. Fernandez's requested jury instruction, and thus, the trial court should have given the jury the requested instruction. See Brown v. State, 206 So.2d 377 (Fla. 1968). Cf. Janus v. State, 477 So.2d 644 (Fla. 2d DCA 1985) (improper exhibition of a firearm may be a lesser-included offense of aggravated assault); Craft v. State, 441 So.2d 704 (Fla. 2d DCA 1983) (improper exhibition of a dangerous weapon is a lesser-included offense of aggravated assault with a firearm). But cf. Mack v. State, 305 So.2d 264 (Fla. 3d DCA 1974) (improper exhibition of a weapon is not a lesser-included offense of aggravated assault).
Having concluded that the trial court erred in denying Mr. Fernandez's requested instruction, we next consider whether the trial court's error was harmless in this case. Under either of two alternative analyses, we determine that the error requires a new trial on the assault charge.
Assuming aggravated assault with a deadly weapon is the primary offense and that the firearm merely increases the sentence, then discharge of a firearm in public is the next lesser offense. Since the omitted offense is only "one step" removed from the primary offense, the trial court's error is per se reversible.[2]State v. Abreau, 363 So.2d 1063 (Fla. 1978).
*1011 If one uses the analysis employed in the verdict form and assumes that aggravated assault with a firearm is the primary offense, then discharge of a firearm in public is "two steps" removed from that offense. Under Abreau we would then need to determine from the record whether the error was harmful.
The determination of harmful error regarding omitted jury instructions on a lesser offense is not "merely a matter of number or degree." Abreau, 363 So.2d at 1064. Instead, it turns in part upon whether "the jury is given a fair opportunity to exercise its inherent `pardon' power by returning a verdict of guilty as to" an offense between the primary offense and the omitted offense. Abreau, 363 So.2d at 1064. State v. Bruns, 429 So.2d 307 (Fla. 1983). On first review, it may appear that the jury had an opportunity to "pardon" Mr. Fernandez. The state maintains that since the jury did not return a guilty verdict on the aggravated assault with a deadly weapon charge, the jury specifically chose not to pardon Mr. Fernandez.
Upon a closer review, however, we are convinced that the instructions on aggravated assault with a deadly weapon did not provide the jury with an opportunity to pardon Mr. Fernandez. Under the evidence in this case, the jury could only conclude that the deadly weapon was a firearm. No reasonable jury could have found that the defendant used a weapon other than a firearm. Thus, the lesser-included offense of aggravated assault with a deadly weapon other than a firearm did not give the jury an honest option to "pardon" the defendant. Accordingly, we hold that it was harmful error to omit the requested instruction on the lesser-included offense of discharging a firearm in public.
Reversed and remanded.
DANAHY, A.C.J., and PATTERSON, J., concur.
NOTES
[1] The trial court's sentencing guidelines scoresheet indicates that Mr. Fernandez had no prior convictions.
[2] This approach treats the verdict on aggravated assault with a firearm as a special verdict in which the jury first finds the defendant guilty of aggravated assault with a deadly weapon, and next decides that the weapon was a firearm. Technically, the statutory offense of aggravated assault does not make any distinction between assault with a firearm or any other deadly weapon. This distinction is created by section 775.087(2), Florida Statutes (1987). The supreme court apparently anticipates that the state will generally accomplish this result with such a special verdict form. See generally State v. McKinnon, 540 So.2d 111 n. 1 (Fla. 1989).