865 So.2d 580 (2004)
Steven Eugene ISELEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-120.
District Court of Appeal of Florida, Fifth District.
January 2, 2004.
Rehearing Denied February 18, 2004.
Nathan G. Dinitz, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The defendant appeals from his conviction for "aggravated assault with a firearm" and the mandatory minimum sentence of three years imprisonment that was imposed.[1] There was evidence at trial establishing that the defendant threatened another motorist with a gun during a traffic confrontation.
The defendant argues he was improperly convicted of aggravated assault with a firearm because: (1) the information charged aggravated assault with a deadly weapon and aggravated assault with a firearm is a greater offense, and (2) the trial court erroneously declined to instruct the jury on aggravated assault with a deadly weapon or to allow it as either a lesser included offense or as an alternative charge on the verdict form. The contention that aggravated assault with a firearm is a greater offense than aggravated assault with a deadly weapon is predicated on the fact that the firearm aspect carries a minimum mandatory sentence of three years imprisonment. See § 775.087(2)(a)(1), Fla. Stat.
*581 During the charge conference the defendant objected to instructing the jury on aggravated assault with a firearm claiming he had been charged with aggravated assault with a deadly weapon. The defendant urged that aggravated assault with a firearm is not the same crime as aggravated assault with a deadly weapon and should not be presented to the jury. The defendant alternatively sought an instruction on aggravated assault with a deadly weapon as a lesser included offense. The verdict form offered three alternatives, guilty of aggravated assault with a firearm, guilty of assault, or not guilty.
The State counters that the jury was properly instructed, that the thrust of the defendant's position, that aggravated assault with a deadly weapon and aggravated assault with a firearm are separate, distinct offenses, is flawed. The State maintains that aggravated assault with a deadly weapon and aggravated assault with a firearm are sentencing variants of the offense of aggravated assault, not separate and distinct offenses.
Aggravated assault is defined in section 784.021, Florida Statutes, as follows:
(1) An "aggravated assault" is an assault:
(a) With a deadly weapon without intent to kill; or
(b) With an intent to commit a felony.
(2) Whoever commits an aggravated assault shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Aggravated assault as charged here was not based on an assault with an intent to commit a felony. Rather, the gist of the crime of aggravated assault as charged here is found in the character of the weapon with which the assault is made and a deadly weapon must be charged and proved. A firearm is not essential to the offense of aggravated assault with a deadly weapon. However, an information charging and a special verdict finding that the defendant committed an aggravated assault with a firearm, while not enhancing the offense from a third degree felony, does implicate the three year minimum mandatory sentence for use of a firearm found in section 775.087(2), Florida Statutes. State v. Hargrove, 694 So.2d 729 (Fla.1997); Bass v. State, 739 So.2d 1243 (Fla. 5th DCA 1999).
In Fernandez v. State, 570 So.2d 1008 (Fla. 2d DCA 1990), rev. denied, 581 So.2d 167 (Fla.1991), which involved a reversal of an aggravated assault with a firearm conviction because the court failed to instruct on the permissible lesser included offense of discharging a firearm in public, the court analyzed the offense of aggravated assault. Fernandez was charged with aggravated assault "with a deadly weapon, to wit: a firearm." The State sought the minimum mandatory sentence found in section 775.087(2), Florida Statutes. In discussing the appropriate jury instructions, the Second District observed:
Regarding the assault, the trial court instructed the jury on aggravated assault with a firearm, aggravated assault with a deadly weapon, and assault. The jury instructions and the verdict form logically treated aggravated assault with a deadly weapon as the next less-included offense of aggravated assault with a firearm. The penalty for aggravated assault with a firearm mandated that Mr. Fernandez receive at least three years' imprisonment, while the penalty for an aggravated assault with any other deadly weapon would have permitted Mr. Fernandez to receive any nonstate prison sanction.
570 So.2d at 1010.
The court ultimately reversed, finding that discharge of a firearm in public, while *582 not a necessarily lesser included offense of aggravated assault with a deadly weapon, was a permissive lesser included based on the language of the charging document and the evidence adduced at trial. Id. The court then explained why the failure to give the instruction could not be deemed harmless error:
Assuming aggravated assault with a deadly weapon is the primary offense and that the firearm merely increases the sentence, then discharge of a firearm in public is the next lesser offense. Since the omitted offense is only "one step" removed from the primary offense, the trial court's error is per se reversible. [FN2] State v. Abreau, 363 So.2d 1063 (Fla.1978).
FN2. This approach treats the verdict on aggravated assault with a firearm as a special verdict in which the jury first finds the defendant guilty of aggravated assault with a deadly weapon, and next decides that the weapon was a firearm. Technically, the statutory offense of aggravated assault does not make any distinction between assault with a firearm or any other deadly weapon. This distinction is created by section 775.087(2), Florida Statutes (1987). The supreme court apparently anticipates that the state will generally accomplish this result with such a special verdict form. See generally State v. McKinnon, 540 So.2d 111 n. 1 (Fla.1989).
Id.
Fernandez makes clear that the offense at issue in the instant case was aggravated assault with a deadly weapon and that the use of a firearm is a sentencing factor which must be alleged and expressly found by the jury in order to implicate the minimum mandatory found in section 775.087(2), Florida Statutes. As the Fernandez court explained, the distinction between aggravated assault with a deadly weapon and aggravated assault with a firearm is the sentencing consideration found in section 775.087(2).
The jury in this case should have been instructed on aggravated assault with a deadly weapon and then been asked to make a special finding as per the charging document and evidence adduced at trial as to whether that weapon was a firearm.[2] The effect of the instructions given and the verdict form was to bypass the "deadly weapon" aspect and go directly to the firearm aspect. Was it harmful error for the trial court to refuse the defendant's request for an instruction on aggravated assault with a deadly weapon? The answer is yes. The trial court believed such an instruction was unnecessary because both offenses are third degree felonies punishable by up to five years imprisonment. See § 784.021, Fla. Stat. The trial court noted that under Florida law, "No offense is deemed to be a lesser offense if it carries the same penalty as the crime under consideration." Standard Jury Instructions in Criminal Cases, 723 So.2d 123, 124 (Fla.1998). See also, Ray v. State, 403 So.2d 956 (Fla.1981). As Fernandez implicitly recognizes, however, the offenses here, while both third degree felonies, do not carry the "same penalty" because aggravated assault with a firearm, unlike with a deadly weapon, carries an enhanced sanction, a minimum mandatory term of three years imprisonment.
While it could be argued that the jury here was merely permitted to eliminate a step in its analysis and verdict and to directly reach the firearm aspect, this streamlining or "short cut" deprived the jury of a fair opportunity to exercise its inherent "pardon" power by returning a *583 verdict of guilt as to the less onerous offense of aggravated assault with a deadly weapon. See State v. Abreau, 363 So.2d 1063 (Fla.1978).
The trial court committed reversible error in failing to instruct on aggravated assault with a deadly weapon. A new trial is required.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] As our opinion will illustrate, the offense is more accurately labeled aggravated assault with a deadly weapon with the use of a firearm being a sentencing enhancer.
[2] See State v. Overfelt, 457 So.2d 1385 (Fla. 1984).