**UNITED STATES of America**

**v.**

**Sean Allen STUDNICKA, Defendant.**

**Civil Action No. 1:05–CR–137.**

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 12, 2006.

Randall Lynn Fluke, U.S. Attorney's Office, Beaumont, TX, for Plaintiff.

Gary R. Bonneaux, Federal Defender's Office, Beaumont, TX, for Defendant.

## SENTENCING MEMORANDUM

CLARK, District Judge.

Sean Allen Studnicka, a prisoner at U.S.P. Beaumont, rushed out of his cell and bit Lieutenant Rayburn on the arm. Studnicka is HIV positive. He pled guilty to forcibly assaulting a correctional officer. In the Plea Agreement, the parties stipulated that the base offense level under U.S.S.G. § 2A2.4 (2000)[1] was 15. At the sentencing hearing, the court found that there were two specific offense characteristics which increased this base level by nine points: (1) the use of a dangerous weapon; and (2) the degree of injury to the victim. The court also found that Studnicka's criminal history category was VI. Application of the Sentencing Guidelines resulted in a sentencing range of 100–120 months. For the reasons stated on the record and in this memorandum, the court sentences Defendant Studnicka to 120 months.[2]

## DISCUSSION

### 1. Use of a dangerous weapon

Under U.S.S.G. § 2A2.2(b)(2)(B), the base offense level should be increased by four levels if a dangerous weapon is used. A "dangerous weapon" is defined in the guidelines as "an instrument capable of inflicting death or serious bodily injury." U.S. S.G. § 1B1.1, Application Note (d).

It is uncontested that Studnicka used his teeth to bite Lieutenant Rayburn. No Fifth Circuit opinion specifically addresses the classification of teeth as a dangerous weapon. However, anyone minimally familiar with self-defense techniques knows that a bite can cause serious injury, if not death. In this case, the bite was serious enough to require medical attention. An object need not be inherently dangerous to be used as a dangerous weapon. See U.S. v. Sturgis, 48 F.3d 784, 787 (4th Cir.1995). The court in Sturgis noted that the potential for serious infection resulting from a human bite is a form of "serious bodily harm" sufficient, without more, to render teeth dangerous weapons. 48 F.3d at 788 citing U.S. v. Moore, 846 F.2d 1163, 1167 (8th Cir.1988).

■ Compounding the aggravated nature of this case is the fact that Studnicka knew that he was HIV positive. There is a substantial possibility that the HIV virus could have been transmitted by the bite. See Sturgis, 48 F.3d at 789. It is well known that there is no cure for HIV, and that infection most likely culminates in death. There is no question that a four-level increase is warranted for the use of a dangerous weapon.

### 2. Bodily Injury

Under U.S.S.G. § 2A2.2(b)(3), the offense level is increased according to the seriousness of the injury sustained by the victim. There are three degrees of bodily injury discussed in the guidelines: (1) Bodily Injury; (2) Serious Bodily Injury; and (3) Permanent or Life–Threatening Bodily Injury. "Bodily Injury" is defined as "any significant injury...." U.S.S.G. § 1B1.1, Application Note (b). "Serious bodily injury" means "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S. S.G. § 1B1.1, Application Note (j). "Permanent or Life–Threatening Bodily Injury" means an "injury involving a substantial

---

1. The applicable guidelines in this case were the 2000 guidelines. See U.S.S.G. § 1B 1.11(b). All guideline references are to the 2000 Sentencing Guidelines.

2. This memorandum supplements the reasons given on the record at the hearing, and does not address all of the issues in this case.

risk of death...." U.S.S.G § 1B1. 1, Application Note (h).

 Here, Defendant admits that Lieutenant Rayburn sustained a significant injury. The issue is the severity of this injury. The Factual Basis and Stipulation states that as a result of the bite, Rayburn was required to seek advanced medical treatment. In order to combat the serious possibility of infection with HIV, Rayburn was given a number of shots and daily "cocktails" of medications for a period of six months, which made him extremely ill. The evidence also details the traumatic effect on Rayburn, while awaiting the results of his HIV tests.

The court finds that Mr. Rayburn's injuries fall between the level of serious bodily injury and permanent or life-threatening bodily injury. This results in the addition of five points to the base level offense. *See* U.S.S.G. § 2A2.2(b)(3)(E).

### 3. Imposition of Sentence

The properly calculated sentencing guideline range is one of the factors the court considers when imposing a sentence. *See* 18 U.S.C. § 3553(4). The guideline range in this case is between 100–120 months.[3] The nature of the offense warrants a sentence at the high end of the guideline range. There was a very real risk that the victim could have contracted a disease for which there is no cure, and which resulted in death.

Attacks on prison guards are a serious problem. *See U.S. v. Shelton,* 431 F.Supp.2d 675, 676 (E.D.Tex.2006). Granted, a prison guard has chosen a career which requires contact with violent individuals. But, spitting and biting by HIV infected prisoners goes far beyond the occasional scuffle and is unacceptable.

The court must act to promote respect for the law and to afford an adequate deterrent for this type of behavior. *See* 35 U.S.C. § 3553(a)(2)(A)-(B). The public, which includes prison officials, must be protected from such conduct by prisoners. *See* 35 U.S.C. § 3553(a)(2)(C). These factors warrant a sentence 120 months. Studnicka's lengthy history of violent conduct supports this conclusion.

The Judgment shall reflect this term, as well as the other provisions and conditions of the sentence set out by the court at the sentencing hearing.

---

**3.** The guideline range is actually 100–125 months, but the statutory maximum for this crime is 120 months. *See* 18 U.S.C. § 111.