944 So.2d 227 (2006)
STATE of Florida, Petitioner,
v.
Steven Eugene ISELEY, Respondent.
No. SC04-485.
Supreme Court of Florida.
October 26, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Timothy D. Wilson and Kellie A. Nielan, Assistant Attorney Generals, Daytona Beach, FL, for Petitioner.
*228 Nathan G. Dinitz, Daytona Beach, FL, for Respondent.
BELL, J.
We have for review Iseley v. State, 865 So.2d 580 (Fla. 5th DCA 2004), which expressly and directly conflicts with Tucker v. State, 726 So.2d 768 (Fla.1999), and State v. Overfelt, 457 So.2d 1385 (Fla.1984). The conflict concerns the jury findings necessary to authorize the mandatory minimum punishments authorized for using firearms to commit specified crimes. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We hold that when a charging document alleges that the defendant used a firearm in committing an offense enumerated in section 775.087(2)(a), Florida Statutes (2002), and the jury specifically finds the defendant guilty of the offense "with a firearm" as charged in the information, the three-year mandatory minimum term authorized by that provision may be imposed.

FACTS AND PROCEDURAL HISTORY
Steven Eugene Iseley was charged by information with one count of aggravated assault with a deadly weapon.[1] This information alleged that, in committing the assault, Iseley "did exhibit a firearm, ready it for firing by charging it (placing a round in the chamber) . . . and further did commit the assault with semi-automatic handgun or pistol, a deadly weapon." At trial, the jury was given the standard jury instruction for aggravated assault; however, the trial court referred to the crime of aggravated assault with a firearm. Specifically, the jury was instructed:
Before you can find the defendant guilty of aggravated assault with a firearm, the state must prove the following four elements beyond a reasonable doubt, the first three elements defined in assault:
One: Steven Eugene Iseley intentionally and unlawfully threatened, either by word or act, to do violence to Kevin Squire.
Two: At the time, Steven Eugene Iseley appeared to have the ability to carry out the threat.
Three: The act of Steven Eugene Iseley created in the mind of Kevin Squire a well-founded fear that the violence was about to take place.
Four: The assault was made with a deadly weapon; to wit, a firearm.
A weapon is a deadly weapon if it is used or threatened to be used in a way likely to produce death or great bodily harm. A firearm means any weapon, including a starter gun, which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive, the frame or receiver of any such weapon. It is not necessary for the state to prove the defendant had an intent to kill.
This instruction was followed by the standard instruction on the lesser included offense of assault.
Iseley objected to the instruction on aggravated assault with a firearm. He argued that aggravated assault with a firearm was not the crime charged in the information and that the instruction approved by the trial court was for a crime that exceeded the crime for which he was charged. The trial judge acknowledged that the correct nomenclature for the *229 crime charged was aggravated assault with a deadly weapon, but reasoned that under Florida case law, a verdict choice of aggravated assault with a firearm was the only device by which the allegations in the information could be presented to the jury without using an interrogatory verdict. Significantly, Iseley never requested an interrogatory verdict form separating the determination whether he possessed a firearm from the finding of guilt on the substantive offense. Iseley also did not respond to the trial court's request for proposed instructions calling for the jury to determine whether the deadly weapon used was a firearm. He argued that the information did not charge aggravated assault with a firearm, and therefore the word "firearm" should not be used in the verdict form. In the alternative, Iseley requested instructions and verdict choices on aggravated assault with a firearm as a greater offense and aggravated assault with a deadly weapon as a lesser included offense. The trial court overruled Iseley's objection and denied his requested alternative instruction.
The verdict form gave the jury the choice of finding Iseley (1) guilty of aggravated assault with a firearm, as charged in the information; (2) guilty of the lesser included offense of assault; or (3) not guilty. The jury returned a verdict of "Guilty of the offense of AGGRAVATED ASSAULT WITH A FIREARM, as charged in the Information." Iseley filed a motion for arrest of judgment, again arguing that the trial court erred in giving instructions and a verdict that referred to the crime as aggravated assault with a firearm instead of assault with a deadly weapon. The trial court denied the motion. The court adjudicated Iseley guilty and, as required by section 775.087(2)(a)(1), sentenced him to the mandatory minimum sentence of three years' imprisonment because Iseley possessed a firearm during the commission of the aggravated assault.
On appeal, the Fifth District Court of Appeal reversed Iseley's conviction and remanded for a new trial. Iseley, 865 So.2d at 583. The district court held that "[t]he jury . . . should have been instructed on aggravated assault with a deadly weapon and then been asked to make a special finding . . . as to whether that weapon was a firearm." Id. at 582. The district court's rationale was two-fold. First, the court observed that "[t]he effect of the instructions given and the verdict form was to bypass the `deadly weapon' aspect and go directly to the firearm aspect." Id. at 582. Relying on dicta in Fernandez v. State, 570 So.2d 1008, 1010 (Fla. 2nd DCA 1990), the Fifth District noted that "the offenses here, while both third degree felonies, do not carry the `same penalty' because aggravated assault with a firearm, unlike with a deadly weapon, carries an enhanced sanction." 865 So.2d at 582. Second, the district court stated that failing to require a separate finding that the offense was committed with a firearm "deprived the jury of a fair opportunity to exercise its inherent `pardon' power by returning a verdict of guilt as to the offense of aggravated assault with a deadly weapon." Id. at 582-83.

ANALYSIS
We must decide whether the jury instructions and verdict form meet the requirements of Tucker and Overfelt for application of section 775.087. Our review of the proceedings below, as governed by the applicable law, demonstrate that the requirements of Tucker and Overfelt were met. Thus, the trial court properly imposed the three-year mandatory minimum sentence authorized by section 775.087(2)(a)(1). In reaching this conclusion, we hold that where there is undisputed *230 evidence that the deadly weapon used by the defendant was a firearm, an instruction on aggravated assault with a deadly weapon as a lesser included offense of aggravated assault with a firearm is not required in order to enable the jury to exercise its pardon power.[2] Therefore, we reject the Fifth District's ruling that the verdict form in this case denied Iseley an opportunity for a jury pardon.
Because the conflict issue involves the interpretation of a statute, section 775.087(2)(a)(1), the standard of review is de novo. See B.Y. v. Dep't of Children & Families, 887 So.2d 1253, 1255 (Fla.2004).

Absence of Firearm Interrogatory
Chapter 784, Florida Statutes (2002), defines the crimes of assault and aggravated assault. Section 784.021(1) defines aggravated assault as an assault with (a) a deadly weapon without intent to kill; or (b) an intent to commit a felony. Section 784.021(2) provides that an aggravated assault is a third-degree felony punishable as provided in chapter 775. Chapter 775 prescribes the penalties for substantive crimes. Section 775.082(3)(d), Florida Statutes (2002), provides that a person convicted of a third-degree felony may be punished by a term of imprisonment not exceeding five years. Additionally, section 775.087 requires enhanced penalties when a firearm is used in the commission of certain felony crimes. Section 775.087(2)(a)(1) mandates a minimum three-year sentence of imprisonment if a person possesses a firearm during the commission of an aggravated assault. Specifically, section 775.087(2)(a)(1) states:
[A] person who is convicted for aggravated assault, possession of a firearm by a felon, or burglary of a conveyance shall be sentenced to a minimum term of imprisonment of 3 years if such person possessed a "firearm" or "destructive device" during the commission of the offense.
In four cases over a fifteen-year period, beginning with Overfelt and concluding with Tucker, this Court has considered the sufficiency of a jury verdict to support application of the penalty enhancement mandated by section 775.087(2)(a)(1). See also State v. Hargrove, 694 So.2d 729 (Fla. 1997); State v. Tripp, 642 So.2d 728 (Fla. 1994). In Tucker, the Court acknowledged that the discussion of the issue in earlier cases was somewhat confusing. However, the Court concluded that in each of these decisions, "the essential holding is the same: that the verdict form itself contain an express reference to the use of a firearm." Tucker, 726 So.2d at 772. Though we stated that the better practice is to include a specific question or special verdict addressed to the firearm issue, we reiterated our prior holdings in Hargrove and Overfelt that "an enhanced sentence should be upheld if based on a jury verdict which specifically refers to the use of a firearm, either as a separate finding or by the inclusion of a reference to a firearm in identifying the specific crime for which the defendant is found guilty." Id. at 772.
In each of the cases, we required that the application of the mandatory minimum sentence penalty in section 775.087(2)(a)(1) be predicated upon what was termed in Hargrove a "clear jury finding" that the defendant possessed a firearm during the commission of the felony. Id., (quoting Hargrove, 694 So.2d at 731); *231 see also Tripp, 642 So.2d at 728; Overfelt, 457 So.2d at 1387. This requisite "clear jury finding" can be demonstrated either by (1) a specific question or special verdict form (which is the better practice), or (2) the inclusion of a reference to a firearm in identifying the specific crime for which the defendant is found guilty. See Tucker, 726 So.2d at 771-72; Overfelt, 457 So.2d at 1387.
The requisite "clear jury finding" was made in this case. This jury's finding that Iseley was guilty of aggravated assault with a firearm as charged in the information is consistent with both the language of the information and the evidence adduced at trial. The information expressly charged that a firearm was used during the commission of the aggravated assault. Our review of the record establishes that the only deadly weapon involved in this case was the firearm referenced in the information and that there was no dispute that the weapon met the definition of a firearm. Consequently, we conclude that because the verdict form contained an express reference to the use of a firearm in the commission of the crime, the evidence supports that finding required by section 775.087, and the verdict of guilt of aggravated assault with a firearm constituted the clear jury finding necessary under our precedent.

Effect of Denial of Requested Instruction on Jury's Pardon Power
In reaching the above conclusion, we have considered and rejected the Fifth District's determination that the verdict form in this case denied Iseley an opportunity for a jury pardon. The Fifth District's conclusion rests on its determination that aggravated assault with a deadly weapon is not a lesser included offense of aggravated assault with a firearm. Specifically, the Fifth District relied on dicta in Fernandez v. State, 570 So.2d 1008, 1010 (Fla. 2d DCA 1990), stating that "[t]he jury instructions and the verdict form logically treated aggravated assault with a deadly weapon as the next lesser-included offense of aggravated assault with a firearm." Iseley, 865 So.2d at 581. We disagree.
In Fernandez, the issue was whether an instruction on discharge of a firearm in public should have been given as a lesser included offense of aggravated assault with a firearm. The Second District held that the instruction was necessary to allow the jury to exercise its pardon power because the instruction on aggravated assault with a deadly weapon as a lesser included offense did not provide such an opportunity:
Under the evidence in this case, the jury could only conclude that the deadly weapon was a firearm. No reasonable jury could have found that the defendant used a weapon other than a firearm. Thus, the lesser-included offense of aggravated assault with a deadly weapon other than a firearm did not give the jury an honest option to "pardon" the defendant.
570 So.2d at 1011. Thus, Fernandez supports the view that where the only "deadly weapon" involved in the offense is a firearm, a choice between finding that the crime was committed with a firearm and finding that it was committed with a deadly weapon is really no choice at all.
In this case, the jury was instructed on assault, the next immediate lesser included offense to aggravated assault with a deadly weapon. This lesser included offense subtracted the element of the deadly weapon or firearm. Thus, the jury was not deprived of an opportunity to use its inherent pardon power. See State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978) (stating that the jury has an opportunity to exercise its inherent pardon power if it is instructed on *232 the next immediate lesser included offense).

CONCLUSION
Accordingly, we reaffirm and adhere to our decisions in Tucker and Overfelt. We quash the decision of the Fifth District Court of Appeal below and remand with directions to reinstate Iseley's conviction and sentence for aggravated assault with a firearm, including the three-year mandatory minimum term under section 775.087(2)(a).
It is so ordered.
LEWIS, C.J., and WELLS, PARIENTE, and QUINCE, JJ., concur.
CANTERO, J., dissents with an opinion, in which ANSTEAD, J., concurs.
CANTERO, J., dissenting.
I would dismiss review because I conclude we do not have jurisdiction. The State sought review based on article V, section 3(b) of the Florida Constitution, under which we "may only review a decision of a district court of appeal that expressly and directly conflicts with a decision of another district court of appeal or the Supreme Court on the same question of law." Jenkins v. State, 385 So.2d 1356, 1359 (Fla.1980). The majority finds conflict between the district court's decision in this case, Iseley v. State, 865 So.2d 580 (Fla. 5th DCA 2004), and our decisions in Tucker v. State, 726 So.2d 768 (Fla.1999), and State v. Overfelt, 457 So.2d 1385 (Fla. 1984). No such conflict exists.
To demonstrate the lack of conflict, I will first discuss our decisions in Overfelt and Tucker, and then compare their holdings with the district court's decision in this case.
In Overfelt, the question was whether, after conviction of a felony, the trial court could enhance a defendant's sentence, or apply a mandatory minimum under the relevant statute, when the jury did not specifically find that the defendant used a firearm. 457 So.2d at 1386. We held that a jury, not a judge, must decide whether an accused possessed a firearm. We concluded that allowing a judge to make that finding "would be an invasion of the jury's historical function and could lead to a miscarriage of justice." Id. at 1387.
Fifteen years later, we decided Tucker. In that case, the defendant was convicted of "attempted first degree murder with a firearm," one of the choices on the verdict form. 726 So.2d at 772. We held that, although no special verdict form was used, an enhanced sentence could be imposed because the verdict itself referred to the use of a firearm. Id. The jury thus made the finding we required in Overfelt.
This case presents a different issue. The information charged the defendant with aggravated assault with a deadly weapon. 865 So.2d at 580. The trial court gave the jury the standard instruction on aggravated assault, but referred to the crime of aggravated assault with a firearm. The jury convicted the defendant of "aggravated assault with a firearm." The defendant did not contend that the jury failed to find that he used a firearm. Nor did the defendant argue that the enhanced sentence could not be imposed without a special verdict form. Rather, the defendant raised a different issue: the jury's power to pardon. He contended that the enhanced sentence resulting from the jury's finding that he used a firearm made the offense of aggravated assault with a deadly weapon a lesser-included offense of aggravated assault with a firearm. Thus, he argued, the trial court should have instructed the jury on aggravated assault with a deadly weapon as a lesser-included offense and should have allowed the jury *233 to exercise its pardon power by not finding use of a firearm.
The district court agreed that, although aggravated assault with a deadly weapon and aggravated assault with a firearm are both third-degree felonies, the enhanced sentence for use of a firearm meant the offenses did not carry the same penalty. The court reversed the conviction, stating that the jury "should have been instructed on aggravated assault with a deadly weapon and then been asked to make a special finding as per the charging document and evidence adduced at trial as to whether that weapon was a firearm." Id. at 582. The court concluded that "[t]he effect of the instructions given and the verdict form was to bypass the `deadly weapon' aspect and go directly to the firearm aspect." Id. This "streamlining" of the jury's analysis "deprived the jury of a fair opportunity to exercise its inherent `pardon' power by returning a verdict of guilt as to the less onerous offense of aggravated assault with a deadly weapon." Id. at 582-83.
This is clearly not the same issue we decided in either Overfelt or Tucker. Nor does the Court's holding today, quashing the district court's decision, implicate the issues decided in those cases. The majority holds "that where there is undisputed evidence that the deadly weapon used by the defendant was a firearm, an instruction on aggravated assault with a deadly weapon as a lesser included offense of aggravated assault with a firearm is not required in order to enable the jury to exercise its pardon power." Majority op. at 229-30.
Our opinions in Overfelt and Tucker addressed whether the jury made the requisite finding for imposing an enhanced sentence for use of a firearm. Iseley accepted that a jury finding of firearm possession allows an enhanced sentence, but addressed a separate issue concerning the jury's pardon power through findings on lesser-included offenses. That issue was not addressed in either Overfelt or Tucker. Therefore, no conflict exists. I would dismiss the case because jurisdiction was improvidently granted.
ANSTEAD, J., concurs.
NOTES
[1] Aggravated assault is defined in section 784.021 as follows:

(1) An "aggravated assault" is an assault:
(a) With a deadly weapon without intent to kill; or
(b) With an intent to commit a felony.
§ 784.021, Fla. Stat. (2002).
[2] As the Fourth District has recently explained in describing the jury's inherent pardon power, "Florida law permits a jury to be lenient and pardon a defendant either by finding him not guilty or by convicting a defendant of a lesser included offense." State v. Carswell, 914 So.2d 9, 11 (Fla. 4th DCA 2005), review dismissed, 923 So.2d 1161 (Fla. 2006).