ROTHENBERG, J.
The defendant, Johnson Jamerson, was found guilty of aggravated battery on a law enforcement officer (as a lesser included offense of attempted first degree murder of a law enforcement officer) and resisting an officer with violence. Although Jamerson did not object to the jury being instructed as to the lesser included offense of aggravated battery on a law enforcement officer or to the verdict form, he now objects and seeks reversal on those two grounds. Finding no fundamental error, and, in fact, no error at all, we affirm.
*738 Count two of the information charged that Jamerson unlawfully, feloniously, and with a premeditated intent, attempted to kill Matthew Hall, a law enforcement officer, who was éngaged in the lawful performance of his duties, by biting Officer Hall with full knowledge that Jamerson had HIV and/or AIDS. The evidence established that Jamerson, who had been arrested and was being transported to jail, freed himself from his restraints and began yelling and screaming at Officer Hall. While Officer Hall was attempting to rese-cure Jamerson, Jamerson yelled, “I have AIDS and I’m going to kill you,” and then he bit Officer Hall. After he bit Officer Hall, Jamerson repeated, ‘Yeah, that’s right mother [f_]. I bit you. I have AIDS. I’m going to kill you.” The bite was so severe, that it penetrated Officer Hall’s pants, broke the skin, the wound bled, and the scar was still visible one year later at trial. It is undisputed that HIV/ AIDS is a deadly disease, and Jamerson admitted at trial that he has HIV. As a result of the bite, Officer Hall had to undergo six months of medical treatment. The side effects of the treatment were diarrhea, nausea, inability to eat certain foods, and vomiting, causing Officer Hall to miss work. Further, the uncertainty of whether he had been infected with HIV or AIDS caused Officer Hall, who has a wife and three children, great mental anguish.
Aggravated battery is a category two permissive lesser included offense of attempted first degree murder. To instruct the jury on a category two lesser included offense, the accusatory pleading must allege the necessary elements of the lesser included offense and there must be sufficient proof to support a conviction. I.T. v. State, 694 So.2d 720, 723-24 (Fla.1997); V.C. v. State, 63 So.3d 831, 833-34 (Fla. 3d DCA 2011); J.O. v. State, 42 So.3d 803, 804 (Fla. 3d DCA 2010); Lester v. State, 25 So.3d 623, 625 (Fla. 3d DCA 2009). A person commits an aggravated battery if, in committing the battery (an unlawful touching), he intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement, or he uses a deadly weapon. § 784.045, Fla. Stat. (2008).
It is undisputed that the evidence is sufficient to support the conviction of aggravated battery on a law enforcement officer. We also conclude that the information sufficiently pled the necessary elements of aggravated battery on a law enforcement officer to put Jamerson on notice that the jury could be instructed on, and he could be convicted of, aggravated battery on a law enforcement officer, which is most certainly why neither he nor his attorney objected to this lesser included offense being included for the jury’s consideration. See State v. Williams, 9 So.3d 658, 659 (Fla. 4th DCA 2009) (concluding that biting the victim and causing the need for emergency medical attention was sufficient to establish requisite violence for imposing an enhanced sentence for felony battery); see also United States v. Studnicka, 450 F.Supp.2d 680, 682 (E.D.Tex.2006) (finding that the bite Studnicka, who had HIV, inflicted on a correctional officer who, as a result, was required to seek medical treatment to combat the serious possibility of infection with HIV, including a number of shots and daily “cocktails” or medication for a period of six months, which made the officer extremely ill, plus the traumatic effect while awaiting the results of the HIV tests “fall between the level of serious bodily injury and permanent or life-threatening bodily injury”).
We also conclude that because Jamerson failed to object to the jury’s consideration of this lesser included of *739 fense, he failed to preserve any objection he may now have unless he can establish fundamental error. See State v. Delva, 575 So.2d 643, 644-45 (Fla.1991). In Ray v. State, 403 So.2d 956, 961 (Fla.1981), the Florida Supreme Court found that to instruct a jury or convict a defendant on an erroneous lesser offense does not necessarily constitute fundamental error, holding as follows:
[I]t is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.
Id. (footnote omitted).
The record reflects that Jamerson had an opportunity to object to the charge but failed to do so. The trial court specifically inquired of defense counsel whether she had any objection to the aggravated battery on a law enforcement officer charge and jury instruction, and she unequivocally stated that she had no objection. Aggravated battery is a second degree felony, punishable up to fifteen years of incarceration. Attempted first degree premeditated murder is a first degree felony, punishable up to thirty years of incarceration. See §§ 782.04(1), 775.082(3)(b), Fla. Stat. (2008). Aggravated battery is both lesser in degree and penalty than the charged offense of attempted first degree murder. Thus, under Ray, even if the instruction was erroneous, no fundamental error has been shown.
We also find no error in the verdict form, which again, the defendant did not object to. The jury found Jamerson “guilty of Aggravated Battery on a Law Enforcement Officer, a lesser included crime.” As the Florida Supreme Court held in State v. Iseley, 944 So.2d 227, 231 (Fla.2006), and reiterated in Sanders v. State, 944 So.2d 203, 207 (Fla.2006):
[A]ll that is required for the application of a reclassification or enhancement statute to an offense is a clear jury finding of the facts necessary to the reclassification or enhancement “either by (1) a specific question or special verdict form (which is the better practice), or (2) the inclusion of a reference to [the enhancement factor] in identifying the specific crime for which the defendant is found guilty.”
Sanders, 944 So.2d at 207 n. 2 (quoting Iseley, 944 So.2d at 231).
Affirmed.